

**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 05/19/05 | A. B. Abbott | 3.10 | Telephone call from K. Mangan regarding filings; draft e-mails to H. Sasso regarding filing of revised affidavits; review docket and various pleadings; conferences with D. Rosenfeld and J. Hutchins regarding same; prepare documents for file; prepare documents to be sent to clients | 775.00 |
| 05/19/05 | J. C. Hutchins | 1.50 | Receive and review e-mail from A. Abbott to K. Mangan regarding filing motion, brief, affidavits and exhibits (x8); conference with A. Abbott regarding filing completed and SAMBA's demand letter; conference with A. Bierman regarding Shaw's response deadlines; receive and review e-mail from A. Abbott regarding due date for Shaw's reply. | 637.50 |
| 05/20/05 | A. B. Abbott | 0.20 | Review e-mail from H. Sasso and notices of filing from court; review local rules regarding briefing schedule; conference with D. Rosenfeld regarding same | 50.00 |
| 05/20/05 | J. C. Hutchins | 1.20 | Review and analyze miscellaneous pleadings; attention to various questions regarding motion for assessment of damages; review motion regarding damages as filed; review and analyze Monaco invoice. | 510.00 |
| 05/20/05 | D. E. Rosenfeld | 3.60 | Prepare for reply memorandum; prepare letter to court; conference with A. Abbott | 1,386.00 |
| 05/23/05 | A. B. Abbott | 0.50 | Receive and review e-mail from A. Mahrous; review documents regarding guaranty | 125.00 |
| 05/23/05 | A. Bierman | 0.20 | E-mails to/from J. Hutchins and D. Rosenfeld regarding deadline for notice of appeal; review rules regarding same; meet with D. Rosenfeld regarding same | 65.00 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|------|------|-------|-------------|--------|
| 05/23/05 | J. C. Hutchins | 1.10 | Receive and review e-mail from A. Abbott; prepare and send e-mail to A. Abbott, D. Rosenfeld and A. Bierman regarding appeal deadline; receive and review e-mail from A. Bierman regarding deadline for notice of appeal; receive and review e-mail from D. Rosenfeld regarding same; receive and review e-mail from A. Bierman (x3); prepare and send e-mail to D. Rosenfeld et al; telephone conference with D Rosenfeld regarding Liquidation Associates and possible offer for claim against SWEC. | 467.50 |
| 05/24/05 | A. B. Abbott | 0.70 | Conference with D. Rosenfeld, J. Hutchins, and A. Bierman regarding reply brief and strategy; review documents in preparation for same | 175.00 |
| 05/24/05 | A. Bierman | 3.30 | Meet with J. Hutchins, D. Rosenfeld and A. Abbott regarding reply issues; e-mails to/from K. Serrano regarding Skadden fee application; legal research regarding New York law regarding interest | 1,072.50 |
| 05/24/05 | J. C. Hutchins | 1.90 | Telephone conference with D. Rosenfeld; receive and review e-mail from D. Rosenfeld to A. Mahrous regarding Liquidity Solutions offer; review and analyze Liquidity Solutions offer; conference with A. Bierman, A. Abbott and D. Rosenfeld regarding anticipation of Shaw response to motion regarding damages and issues to be researched; conference with D. Rosenfeld regarding dealing with Liquidity Solutions; attention to file maintenance regarding judgment, damages, sale of claim and appeal issues. | 807.50 |



**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|------|------|-------|-------------|--------|
| 05/24/05 | D. E. Rosenfeld | 6.70 | Prepare for reply memo; review correspondence; prepare letter regarding mediator; conference with J. Hutchins, A. Abbott and A. Bierman regarding reply memorandum | 2,579.50 |
| 05/24/05 | K. A. Serrao | 1.10 | Research in Stone & Webster docket for Skadden fee applications; download same and forward to A. Bierman | 209.00 |
| 05/25/05 | A. B. Abbott | 0.20 | Review e-mail from D. Rosenfeld; obtain copy of settlement agreement; receive and review e-mail from K. Mangan regarding exhibits; draft e-mail to A. Mahrous regarding same | 50.00 |
| 05/25/05 | J. C. Hutchins | 1.80 | Receive and review e-mail from A. Mahrous regarding pursuing sale to Liquidity Solutions; receive and review e-mail from D. Rosenfeld; telephone conference with A. Mahrous regarding same; receive and review e-mail from A. Mahrous; review and analyze terms of settlement of S&W preference action regarding reduction of claim/refund relative to Shaw recovery and need to incorporate in any sale of claim to Liquidity Solutions; prepare and send e-mail to D. Rosenfeld regarding same and due diligence regarding dividend estimates from SWEC Liquidating Trust. | 765.00 |
| 05/25/05 | D. E. Rosenfeld | 1.10 | Prepare for reply | 423.50 |
| 05/26/05 | A. B. Abbott | 2.20 | Review certification of counsel; review notice of appeal and local appellate rules; prepare appellate timeline; conferences with D. Rosenfeld regarding same | 550.00 |



**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|------|------|-------|-------------|--------|
| 05/26/05 | J. C. Hutchins | 1.10 | Receive and review e-mail from K. Mangan (x3) regarding notice of appeal and related pleadings; prepare and send e-mail to D. Rosenfeld; receive and review e-mail from D. Rosenfeld; review and analyze notice of appeal documents; receive and review e-mail from D. Rosenfeld to A. Mahrous regarding appeal. | 467.50 |
| 05/27/05 | J. C. Hutchins | 0.40 | Review and analyze schedule matters, response to Conrad matter and Liquidity Solutions offer. | 170.00 |
| 05/30/05 | A. Bierman | 1.80 | Legal research regarding prejudgment interest and choice of law issues | 585.00 |
| 05/31/05 | A. B. Abbott | 0.10 | Receive and review e-mail from J. Hutchins regarding appeal; receive and review e-mail from A. Mahrous regarding documents | 25.00 |
| 05/31/05 | A. Bierman | 0.20 | E-mails to/from D. Rosenfeld regarding SAMBA reply; meet with D. Rosenfeld regarding same | 65.00 |



**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|------|------|-------|-------------|--------|
| 05/31/05 | J. C. Hutchins | 2.40 | Receive and review e-mail from G. Laher regarding Shaw appeal; receive and review e-mail from K. Mangan regarding affect of Shaw appeal on motion to assess damages; receive and review e-mail from A. Mahrous regarding Liquidity Solutions; telephone conference with D. Rosenfeld regarding same; receive and review e-mail from A. Mahrous regarding making settlement proposal to Shaw; telephone conference with D. Rosenfeld regarding same; prepare and send e-mail to D. Rosenfeld regarding concerns about A. Mahrous proposal to Shaw; revise and edit draft letter from D. Rosenfeld to Liquidity Solutions (Minkoff); receive and review e-mail from D. Rosenfeld to A. Mahrous; telephone conference with D. Rosenfeld regarding Liquidity Solutions response to offer; conference with D. Rosenfeld regarding preparation for reply to Shaw response. | 1,020.00 |
| 05/31/05 | D. E. Rosenfeld | 4.80 | Prepare correspondence to client; prepare correspondence to Liquidity Solutions; call with R. Minkoff; conferences with J. Hutchins and A. Bierman | 1,848.00 |
| | | | **TOTAL FEES** | $ 85,818.50 |

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| A. B. Abbott | 88.70 hrs at | $ 250 / hr | $22,175.00 |
| A. Bierman | 63.60 hrs at | $ 325 / hr | $20,670.00 |
| R. Cahill | 1.40 hrs at | $ 170 / hr | $238.00 |
| J. C. Hutchins | 39.90 hrs at | $ 425 / hr | $16,957.50 |
| A. R. Rosenfeld | 0.50 hrs at | $ 450 / hr | $225.00 |
| D. E. Rosenfeld | 65.80 hrs at | $ 385 / hr | $25,333.00 |
| K. A. Serrao | 1.10 hrs at | $ 190 / hr | $209.00 |
| K. Zinski | 0.10 hrs at | $ 110 / hr | $11.00 |
| **TOTAL FEES** | 261.10 hrs | | $ 85,818.50 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

## DISBURSEMENTS & OTHER CHARGES

| DESCRIPTION | AMOUNT |
|---|---|
| Telephone | 2.40 |
| Facsimile | 38.25 |
| Copying Expense | 605.16 |
| Travel Expenses | 64.00 |
| Transportation Expenses | 30.00 |
| Binding Charges | 9.00 |
| Misc. Expenses | 4.00 |
| DISBURSEMENTS & OTHER CHARGES | $ 752.81 |

## OUTSTANDING INVOICES

| DATE | INVOICE# | FEES | DISB. | TOTAL A/R |
|---|---|---|---|---|
| 09/24/04 | 1309433 | 442.62 | 0.00 | 442.62 |
| 04/19/05 | 1382314 | 20.00 | 0.00 | 20.00 |
| 05/27/05 | 1395665 | 1,591.00 | 206.88 | 1,797.88 |
| OUTSTANDING BALANCE | | | $ | 2,260.50 |



Kirkpatrick & Lockhart Nicholson Graham LLP

## INVOICE SUMMARY

| | | |
|---|---|---|
| Fees | $ | 85,818.50 |
| Disbursements and Other Charges | $ | 752.81 |
| **CURRENT INVOICE DUE** | $ | **86,571.31** |
| Past Due Invoices * | $ | 2,260.50 |
| **TOTAL AMOUNT DUE** | $ | **88,831.81** |

\* Does not include payments received after 6/22/05.

From:    Origin ID: LWMA   (617) 261-3110
R. Bruce Allensworth
Kirkpatrick & Lockhart Nichols
75 State Street

Boston, MA 02109
UNITED STATES

**FedEx** Express



CLS 12298408/10

SHIP TO:   6172613110          BILL SENDER

**Jose Marigomen**
**Saudi American Bank**
**Old Airport Street**
**P.O. Box 833**
**Riyahd,  11421**
**SA**

Ship Date: 22JUN05
Actual Wgt: 1 LB
System#: 4208555/INET2000
Account#: S ********                              Total Weight: 1 LB

REF: 0508830-0901
DESC-1: Legal Documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG:
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 0.00 USD
T/C: S 002125129          D/T: R
SIGN: R. Bruce Allensworth
EIN/VAT:

## IP ENVELOPE

TRK#   **7916  5840  6494**      FORM
                                 0430

## 11421          --SA



These commodities, technology, or software were exported from the United States in
accordance with the export administration regulations. Diversion contrary to United States
law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of
Federal Express for loss or delay of or damage to your shipment. Subject to the conditions
of the contract

CONSIGNEE COPY - PLEASE PLACE IN POUCH

**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**
1. Use the  "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additiona charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limiatation. FedEx does not provide cargo liability or all-risk insurance, but you may an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike civil commotion, or acts or omissions of public authorities(including cutoms and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com.