From: Origin ID: LWMA (617) 261-3110
Kathleen Darling
Kirkpatrick & Lockhart Nichols
75 State Street

Boston, MA 02109
UNITED STATES

SHIP TO: 6172613110    BILL SENDER

**Jose Marigomen**
**Saudi American Bank**
**Old Airport Street**
**P.O. Box 833**
**Riyahd, 11421**
SA

Ship Date: 01JUN05
Actual Wgt: 1 LB
System#: 4208555/INET2000
Account#: S ********          Total Weight: 1 LB

REF: 0508830-0901
DESC-1: Legal Documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG:
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 0.00 USD
T/C: S 002125129          D/T: R
SIGN: Kathleen Darling
EIN/VAT:

**IP ENVELOPE**

TRK# 7922 9598 8362    FORM 0430

**11421**    --SA



These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to United States law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of Federal Express for loss or delay of or damage to your shipment. Subject to the conditions of the contract.

CONSIGNEE COPY - PLEASE PLACE IN POUCH

**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**
1. Use the "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which is a party to the Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, weather conditions, mechanical delays, acts of public enemies, war, strike civil commotion, or acts or omissions of public authorities(including customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com.



**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

R. Bruce Allensworth

617.261.3119
Fax: 617.261.3175
ballensworth@klng.com

July 22, 2005

**VIA FEDERAL EXPRESS**

Jose M. Marigomen
Saudi American Bank
Old Airport Street
P.O. Box 833
Riyahd 11421
Saudi Arabia

Re:   Guaranty Matter

Dear Mr. Marigomen:

Enclosed please find this firm's statement for professional services rendered through June 30, 2005 in connection with the above-entitled matter.

As always, it is this firm's policy that you be satisfied with our services and the enclosed statement, and I trust that you will be in touch in the event you have any questions.

Very truly yours,

Bruce Allensworth

RBA/kpd
Enclosures



**Kirkpatrick & Lockhart Nicholson Graham LLP**

July 22, 2005

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

Jose M. Marigomen
Saudi American Bank
Old Airport Street
P.O. Box 833
Riyahd 11421
Saudi Arabia

**Invoice No.:** 1414971
**Client No.:** 0508830.0901

Tax Identification Number 25 0921018

Re:   <u>Guaranty Matter</u>

FOR PROFESSIONAL SERVICES RENDERED through
June 30, 2005 in connection with the above-referenced matter, as more
fully described in the attached itemization ............................................................. $ 55,469.50

Disbursements and Other Charges ............................................................................. $ 3,142.79

**CURRENT AMOUNT DUE** .................................................................................. $ 58,612.29

Prior Outstanding Invoices .......................................................................................... $ 88,831.81

**TOTAL AMOUNT DUE** ........................................................................................ <u>$147,444.10</u>

BOS-399960 v1 0950000-0102



75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

**Kirkpatrick & Lockhart Nicholson Graham LLP**

July 22, 2005

Ahmed Mahrous
Saudi American Bank
Old Airport Street, P. O. Box 833
Riyahd 11421
SAUDI ARABIA

| Our File Number | : | 0508830.0901 |
|---|---|---|
| Invoice | : | 1414971 |
| Services Through | : | June 30, 2005 |

**Guaranty Matter**

Tax Identification Number 25 0921018

## FEES

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 06/01/05 | A. B. Abbott | 1.10 | Review documents from client and exhibits to affidavit of A. Usmani; review reply brief; telephone conferences with D. Rosenfeld and J. Hutchins regarding same | 275.00 |
| 06/01/05 | J. C. Hutchins | 1.10 | Receive and review e-mail from G. Laher regarding tactics for settlement with Shaw; receive and review e-mail from K. Mangan; review and analyze Shaw response to motion to assess damages; conference with D. Rosenfeld, A. Bierman and A. Abbott regarding same; review and analyze Shaw exhibits. | 467.50 |
| 06/01/05 | D. E. Rosenfeld | 2.90 | Review opposition to motion for attorneys' fees; conference call with J. Hutchins, A. Abbott, A. Bierman; prepare email to client | 1,116.50 |
| 06/02/05 | A. B. Abbott | 5.10 | Review and analyze Shaw's reply brief and exhibits; telephone conferences with D. Rosenfeld regarding same; review and analyze deposition transcripts; review docket and notice of electronic filing; telephone conferences with A. Bierman regarding reply brief | 1,275.00 |


Kirkpatrick & Lockhart Nicholson Graham LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 06/02/05 | A. Bierman | 6.50 | Telephone conference with D. Rosenfeld regarding Shaw's opposition to Saudi American Bank's motion for assessment of damages and SAMBA's reply to same; e-mails to/from A. Abbott and J. Hutchins regarding same; telephone conference with D. Rosenfeld, J. Hutchins and A. Abbott regarding same; review caselaw cited in Shaw's reply; legal research regarding same | 2,112.50 |
| 06/02/05 | J. C. Hutchins | 3.60 | Review and analyze Shaw response and exhibits; conference call with D. Rosenfeld, A. Abbott and A. Bierman regarding issues raised; research and analyze various factual and legal issues; receive and review e-mail from D. Rosenfeld regarding Liquidity Solutions; telephone conference with A. Landis regarding dividend on unsecured claims; receive and review e-mail from G. Laher; research and analyze various issues; receive and review e-mail from K. Mangan regarding Notice of Appeal to Third Circuit; research and analyze Shaw cases; prepare and send e-mail to D. Rosenfeld, A. Bierman and A. Abbott regarding shaw cases. | 1,530.00 |
| 06/03/05 | A. B. Abbott | 4.60 | Receive and review e-mail from J. Hutchins regarding Shaw's opposition; conference with D. Rosenfeld, J. Hutchins, and A. Bierman regarding same; conduct research regarding Saudi Arabian law; review and analyze hearing transcripts and deposition transcripts | 1,150.00 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 06/03/05 | A. Bierman | 4.10 | E-mails to/from D. Rosenfeld, J. Hutchins and A. Abbott regarding SAMBA's reply; legal research regarding various issues regarding same | 1,332.50 |
| 06/03/05 | J. C. Hutchins | 2.20 | Analyze choice of law issues; conference call with D. Rosenfeld et al; receive and review e-mail from A. Bierman; review and analyze various choice of law issues; telephone conference with D. Rosenfeld; outline reply to Shaw. | 935.00 |
| 06/03/05 | D. E. Rosenfeld | 4.10 | Review opposition of Shaw; conference call with J. Hutchins, A. Abbott, and A. Bierman; prepare correspondence to client; review J. Hutchins memo | 1,578.50 |
| 06/04/05 | A. Bierman | 4.10 | Continued legal research regarding SAMBA's reply to Shaw's opposition; review case law regarding statutory/prejudgment interest issue; e-mails to/from D. Rosenfeld regarding same | 1,332.50 |
| 06/04/05 | D. E. Rosenfeld | 3.10 | Call with client; review correspondence; prepare reply strategy | 1,193.50 |
| 06/05/05 | A. B. Abbott | 4.10 | Review and analyze Shaw's opposition, deposition transcripts, pleadings, and court transcripts | 1,025.00 |
| 06/05/05 | A. Bierman | 2.90 | Continued legal research regarding SAMBA's reply to Shaw's opposition; review case law regarding statutory/prejudgment interest issue; e-mails to/from D. Rosenfeld regarding same; e-mails to/from A. ABbott regarding same | 942.50 |
| 06/06/05 | A. B. Abbott | 9.40 | Conferences with D. Rosenfeld, A. Bierman, and J. Hutchins regarding reply brief; telephone conference with F. Monaco regarding notice from Third Circuit; draft reply brief | 2,350.00 |



Kirkpatrick & Lockhart Nicholson Graham LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 06/06/05 | A. Bierman | 9.20 | Continued revisions to Saudi American Bank's reply to Shaw's opposition; meet with A. Abbott and J. Hutchins regarding same; continued legal research regarding same; e-mails to/from D. Rosenfeld, J. Hutchins and A. Abbott regarding same; telephone conference with D. Rosenfeld, J. Hutchins and A. Abbott regarding same; meet with J. Hutchins and A. Abbott regarding same | 2,990.00 |


Kirkpatrick & Lockhart Nicholson Graham LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 06/06/05 | J. C. Hutchins | 3.70 | Receive and review e-mail from D. Rosenfeld; review and analyze complaint against Shaw and Shaw's answers; receive and review e-mail from D. Rosenfeld regarding telephone conference with with G. Laher regarding Saudi law regarding interest; receive and review e-mail from G. Laher regarding Saudi law; receive and review e-mail from D, Rosenfeld regarding affidavit on Saudi law (x4); review and analyze choice of law and conflict of law issues; review and analyze pleadings regarding Shaw and debtor admissions regarding validity of guaranty and obligations owed by BSW (interest and expenses); review and analyze Shaw notice of appeal; conference call with D. Rosenfeld, A. Abbott, A. Bierman; research and analyze choice of law issues relative to stipulation of NY law when there are no NY law contacts; prepare and send e-mail to A. Bierman and A. Abbott; teleconferences with F. Monaco regarding postponing 6/8 conference call regarding Conrad as mediator (x2); prepare and send e-mail to D. Rosenfeld; prepare and send e-mail to A. Bierman regarding rescheduling of Conrad conference call with Judge Walsh. | 1,572.50 |
| 06/06/05 | R. N. Michaelson | 1.00 | Telephone call to J. Hutchins; review documents | 475.00 |
| 06/06/05 | D. E. Rosenfeld | 1.80 | Review emails from client; review email from Court; conference with J. Hutchins, A. Abbott, A. Bierman, and F. Monaco | 693.00 |