

**Kirkpatrick & Lockhart Nicholson Graham LLP**

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617 261.3100
Fax 617.261.3175
www.klng.com

R. Bruce Allensworth

617.261.3119
Fax: 617 261.3175
ballensworth@klng.com

May 23, 2006

**VIA FEDERAL EXPRESS**

Mr. Ahmed Marous
Legal Department
Samba Financial Group
4th Floor, H.O.
Old Airport Street
P.O. Box 833
Riyahd 11421
Saudi Arabia

Re:   Guaranty Matter

Dear Mr. Marous:

Enclosed please find this firm's statement for professional services rendered through April 30, 2006 in connection with the above-entitled matter.

As always, it is this firm's policy that you be satisfied with our services and the enclosed statement, and I trust that you will be in touch in the event you have any questions.

Very truly yours,

Bruce Allensworth

RBA/kpd
Enclosures



**Kirkpatrick & Lockhart Nicholson Graham** LLP

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

May 23, 2006

~~Ahmed Mahrous~~
Saudi American Bank
Old Airport Street, P. O. Box 833
Riyahd 11421
SAUDI ARABIA

Our File Number : 0508830.0901
Invoice : 1524793
Services Through : April 30, 2006

**Guaranty Matter**

Tax Identification Number 25 0921018

## FEES

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/03/06 | A. B. Abbott | 4.70 | Telephone conference with K. Mangan regarding hearing on motion to intervene; draft memo regarding procedural history of adversary proceedings | 1,410.00 |
| 04/03/06 | J. C. Hutchins | 0.20 | Review and analyze miscellaneous pleadings and hearing agenda. | 90.00 |
| 04/04/06 | A. B. Abbott | 0.10 | Telephone call from K. Mangan regarding hearing on motion to intervene; conference with D. Rosenfeld regarding same | 30.00 |
| 04/04/06 | J. C. Hutchins | 0.90 | Review and analyze S. Hogan memo regarding liquidating trustee's defenses to intervention in Saudi Aramco matter; review and analyze miscellaneous pleadings; brief conference with D. Rosenfeld regarding same. | 405.00 |
| 04/04/06 | D. E. Rosenfeld | 0.30 | Conferences with J. Hutchins and A. Abbott regarding status and court filings | 123.00 |
| 04/05/06 | J. C. Hutchins | 0.60 | Review and analyze S. Hogan memo regarding liquidating trust possible objections to intervention in Saudi Aramco matter; conference with S. Hogan regarding various matters and revising memo. | 270.00 |



**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/06/06 | A. B. Abbott | 0.40 | Conference with D. Rosenfeld regarding memorandum updating court regarding status of adversary proceedings; review and revise memorandum | 120.00 |
| 04/06/06 | D. E. Rosenfeld | 0.20 | Conference with A. Abbott | 82.00 |
| 04/07/06 | A. B. Abbott | 0.20 | Revise memorandum updating court on status of adversary proceedings; review dockets | 60.00 |
| 04/10/06 | A. B. Abbott | 0.20 | Attention to emails from K. Mangan regarding hearing on motion to intervene and electronic mail request for emergency relief in Shaw matter | 60.00 |
| 04/11/06 | A. B. Abbott | 0.70 | Attention to email from J. Hutchins regarding motion to intervene; review memorandum regarding the assignment of SWEC's claim to the Liquidating Trust; review and analyze motion to intervene and opposition | 210.00 |
| 04/11/06 | S. T. Hogan | 0.40 | Revise memorandum discussing the terms of plan of reorganization, disclosure statement, and liquidating trust agreement relating to Stone and Webster Engineering Corporation, and settlement agreement between Saudi American Bank and Stone and Webster Engineering and their effect on Saudi American Bank's motion to intervene in Stone and Webster Engineering Corporation's litigation with Saudi Arabian Oil Company | 86.00 |
| 04/11/06 | J. C. Hutchins | 0.60 | Review and analyze revised memo from S. Hogan regarding Saudi Aramco intervention and liquidating trustee arguments; revise and edit same; prepare and send e-mail to D. Rosenfeld and A. Abbott. | 270.00 |



**Kirkpatrick & Lockhart Nicholson Graham LLP**

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/13/06 | A. B. Abbott | 2.90 | Revise supplemental memorandum updating court on status of adversary proceedings; draft email to A. Mahrous regarding reporting of financial transactions; review pleadings in Aramco and Shaw matters | 870.00 |
| 04/13/06 | J. C. Hutchins | 0.50 | Review and analyze miscellaneous pleading; receive and review e-mail from A. Abbott; review and analyze draft of supplement to intervention motion. | 225.00 |
| 04/14/06 | J. C. Hutchins | 1.40 | Review and analyze A. Abbott draft of supplemental memo; review and analyze various plea. dings regarding Saudi Aramco intervention; revise and edit draft ;prepare and send e-mail to D. Rosenfeld and A. Abbott. | 630.00 |
| 04/18/06 | A. B. Abbott | 0.20 | Attention to email from J. Hutchins; revise supplemental memorandum | 60.00 |
| 04/19/06 | J. C. Hutchins | 1.70 | Review and analyze SWEC liquidating trustee oppositions to SAMBA's motion to intervene; telephone conference with D. Rosenfeld; review and analyze affidavit of J. Houpt in support of opposition. | 765.00 |
| 04/19/06 | D. E. Rosenfeld | 1.80 | Review brief and affidavit | 738.00 |
| 04/20/06 | A. B. Abbott | 7.10 | Review SWE&C's opposition to SAMBA's motion to intervene; telephone conferences with D. Rosenfeld regarding same; attention to emails from K. Mangan regarding same; telephone conference with F. Monaco regarding filing of reply brief; conduct legal research regarding judicial estoppel and election of remedies doctrine; draft reply brief | 2,130.00 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/20/06 | J. C. Hutchins | 1.30 | Review and analyze opposition to motion to intervene and Houpt affidavit; conference with D. Rosenfeld; review and analyze SWEC liquidating trust opposition and prepare comments on same. | 585.00 |
| 04/21/06 | A. B. Abbott | 10.20 | Attention to emails from D. Rosenfeld and J. Hutchins; conferences with J. Hutchins regarding reply brief; conduct legal research regarding election of remedies and estoppel; draft reply brief | 3,060.00 |
| 04/21/06 | M. Gordon | 0.40 | Telephone call with J. Hutchins re: election of remedies; locate article re: same | 230.00 |
| 04/21/06 | J. C. Hutchins | 2.80 | Review and analyze liquidating trustee objection to intervention; conference with A. Abbott regarding same; prepare and send e-mail to D. Rosenfeld regarding election of remedies doctrine and NY as governing law; prepare and send e-mail to M. Gordon and G. Novack; telephone conference with M. Gordon (x3); receive and review e-mail from M. Gordon; review and analyze NY law information provided by M. Gordon; prepare and send e-mail to A. Abbott regarding reply brief; prepare and send e-mail to G. Norack; prepare and send e-mail to D. Rosenfeld. | 1,260.00 |
| 04/22/06 | A. B. Abbott | 6.30 | Attention to drafting reply brief; receive and review emails from J. Hutchins and D. Rosenfeld regarding reply brief | 1,890.00 |



Kirkpatrick & Lockhart Nicholson Graham LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/22/06 | J. C. Hutchins | 3.20 | Receive and review e-mail from A. Abbott; prepare and send e-mail to A. Abbott; receive and review e-mail from A. Abbott; review and analyze A. Abbott draft of reply brief; revise and edit A. Abbott draft; prepare and send e-mail to A. Abbott and D. Rosenfeld with edits and corrections. | 1,440.00 |
| 04/23/06 | A. B. Abbott | 3.60 | Attention to emails from J. Hutchins and D. Rosenfeld regarding reply brief; review and revise reply brief | 1,080.00 |
| 04/23/06 | J. C. Hutchins | 1.60 | Further revise and edit reply brief; prepare and send e-mail to A. Abbott and D. Rosenfeld; receive and review e-mail from D. Rosenfeld; receive and review e-mail from A. Abbott; prepare and send e-mail to A. Abbott and D. Rosenfeld; receive and review e-mail from D. Rosenfeld. | 720.00 |
| 04/23/06 | D. E. Rosenfeld | 4.00 | Review and revise brief; prepare for hearing | 1,640.00 |
| 04/24/06 | A. B. Abbott | 8.40 | Conference with D. Rosenfeld and J. Hutchins regarding reply brief; finalize reply brief; prepare for hearing on motion to intervene | 2,520.00 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/24/06 | J. C. Hutchins | 3.40 | Receive and review e-mail from A. Abbott with revised draft of reply brief; review and analyze revised draft of reply brief; revise and edit same; conference with D. Rosenfeld and A. Abbott regarding brief, liquidating trustee arguments and oral argument; receive and review e-mail from A. Abbott (x4); with further revisions to brief; review and analyze various edits; prepare and send e-mail to A. Abbott regarding same (x4); receive and review e-mail from A. Abbott to K. Mangan; receive and review e-mail from D. Rosenfeld; receive and review e-mail from K. Mangan; review and analyze reply brief as filed and exhibits; prepare and send e-mail to D. Rosenfeld and A. Abbott. | 1,530.00 |
| 04/24/06 | D. E. Rosenfeld | 2.10 | Prepare for hearing | 861.00 |
| 04/25/06 | A. B. Abbott | 10.80 | Travel to and from Delaware; assist with preparations for hearing on motion to intervene; attend hearing | 3,240.00 |
| 04/25/06 | J. C. Hutchins | 0.80 | Receive and review e-mail from D. Rosenfeld; review and analyze hearing agenda for 4/27; telephone conference with D. Rosenfeld regarding Walsh's denial of motion to intervene on sua sponte grounds, appeal and stay issues, etc. | 360.00 |
| 04/25/06 | D. E. Rosenfeld | 12.10 | Travel to and attend hearing regarding motion to intervene | 4,961.00 |
| 04/26/06 | A. B. Abbott | 0.40 | Receive and review email from K. Mangan; review local rules regarding appellate procedure and appealability of denial of motion to intervene; draft email to D. Rosenfeld regarding same; draft email to W. Potter regarding research assignment | 120.00 |



**Kirkpatrick & Lockhart Nicholson Graham** LLP

| DATE | NAME | HOURS | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 04/26/06 | J. C. Hutchins | 0.50 | Review and analyze revised hearing agenda; receive and review e-mail from D. Rosenfeld; receive and review e-mail from K. Mangan regarding appeal; prepare and send e-mail to D. Rosenfeld; receive and review e-mail from D. Rosenfeld. | 225.00 |
| 04/26/06 | D. E. Rosenfeld | 0.20 | Conference with J. Hutchins | 82.00 |
| 04/28/06 | A. B. Abbott | 0.90 | Draft email correspondence to client regarding appeal; conference with D. Rosenfeld regarding same; review local rules of appellate procedure | 270.00 |

TOTAL FEES                                                                                       $ 34,708.00

| | | |
|---|---|---|
| A. B. Abbott | 57.10 hrs at $ 300 / hr | $17,130.00 |
| M. Gordon | 0.40 hrs at $ 575 / hr | $230.00 |
| S. T. Hogan | 0.40 hrs at $ 215 / hr | $86.00 |
| J. C. Hutchins | 19.50 hrs at $ 450 / hr | $8,775.00 |
| D. E. Rosenfeld | 20.70 hrs at $ 410 / hr | $8,487.00 |
| TOTAL FEES | 98.10 hrs | $ 34,708.00 |

## DISBURSEMENTS & OTHER CHARGES

| DESCRIPTION | AMOUNT |
|---|---|
| Copying Expense | 242.82 |
| Long Distance Courier | 155.63 |
| Westlaw Research | 1,049.50 |
| Air Fare | 1,257.20 |
| DISBURSEMENTS & OTHER CHARGES | $ 2,705.15 |

## OUTSTANDING INVOICES

| DATE | INVOICE# | FEES | DISB. | TOTAL A/R |
|---|---|---|---|---|
| 09/24/04 | 1309433 | 442.62 | 0.00 | 442.62 |
| 01/23/06 | 1485116 | 3,830.50 | 2,770.16 | 6,600.66 |
| 03/29/06 | 1502358 | 34,974.00 | 460.99 | 35,434.99 |
| 04/28/06 | 1513756 | 7,758.50 | 1,253.01 | 9,011.51 |
| OUTSTANDING BALANCE | | | | $ 51,489.78 |

-7-

-8-



Kirkpatrick & Lockhart Nicholson Graham LLP

### INVOICE SUMMARY

| | |
|---|---:|
| Fees | $ 34,708.00 |
| Disbursements and Other Charges | $ 2,705.15 |
| **CURRENT INVOICE DUE** | $ __37,413.15__ |
| Past Due Invoices * | $ __51,489.78__ |
| **TOTAL AMOUNT DUE** | $ __88,902.93__ |

* Does not include payments received after 5/23/06.

-8-

FedEx | Ship Manager | Label 7919 5988 4943                    Page 1 of 1

From: Origin ID: LWMA  (617) 261-3110
R. Bruce Allensworth
Kirkpatrick & Lockhart Nichols
75 State Street

Boston, MA 02109
UNITED STATES

SHIP TO: 6172613110          BILL SENDER
**Jose Marigomen**
**Saudi American Bank**
**Old Airport Street**
**P.O. Box 833**

Riyahd, 11421
SA



These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to United States law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of Federal Express for loss or delay of or damage to your shipment. Subject to the conditions of the contract

CONSIGNEE COPY - PLEASE PLACE IN POUCH

Ship Date: 02JUN06
ActWgt: 1 LB
System#: 4208555/INET2400
Account#: S ********                  TotWgt: 1 LB

REF: 0508830-0901
DESC-1: Correspondence/No Customs Value
DESC-2:
DESC-3:
DESC-4:
EEI: NO EEI 30.37(a)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: USD
T/C: S 002125129          D/T: R
SIGN: R. Bruce Allensworth
EIN/VAT:

**IP ENVELOPE**

TRK#  **7919 5988 4943**   FORM 0430

**11421**            - -SA



**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**
1. Use the "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional charges, along with the cancellation of your FedEx account number.
LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, weather conditions, mechanical delays, acts of public enemies, war, strike, civil commotion, or acts or omissions of public authorities (including customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com