IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| STONE & WEBSTER, INC. ) | Bk. No. 00-02142 (PJW) |
| et al., ) | Jointly Administered |
| ) |  |
| Debtors ) |  |
| ) |  |
| ) |  |
| SAUDI AMERICAN BANK, ) | Adv. No. 01-7766 (PJW) |
| Plaintiff ) |  |
| ) | Civ. No. 04-834-SLR |
| v. ) |  |
| ) |  |
| THE SHAW GROUP INC., SWINC ) |  |
| ACQUISTION THREE, INC., and ) |  |
| SWE&C LIQUIDATING TRUSTEE, ) |  |
| Defendants ) |  |

## SAUDI AMERICAN BANK'S REVISED[1] ITEMIZATION OF ATTORNEYS' FEES AND COSTS

**Monzack & Monaco, P.A.**
Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
(302) 656-8163

**Kirkpatrick & Lockhart Nicholson Graham LLP**
John C. Hutchins (BBO #246060)
Daniel E. Rosenfeld (BBO #560226)
Amy B. Abbott (BBO #648072)
75 State Street
Boston, MA  02109
(617) 261-3100

Dated:  November 21, 2006

---

[1] The revisions contained herein reflect K&LNG's unbilled attorneys' fees and costs incurred as of November 20, 2006, and a minor adjustment to the allocation of K&LNG's billed fees and costs among the three Actions.

BOS-1028641 v2

Pursuant to this Court's Amended Order dated November 8, 2006, Plaintiff Saudi American Bank ("SAMBA") hereby submits SAMBA's itemized account of its attorneys' fees and costs incurred in connection with obtaining judgment in this case.[2]

## I. Samba's Attorneys' Fees and Costs Incurred in Obtaining or Enforcing its Rights Under the Credit Agreement and Guaranty

As discussed more fully in SAMBA's Opening Brief in Support of its Motion for Assessment of Damages [D.I. 21] and SAMBA's Reply Brief to the Response of the Shaw Group, Inc. in Opposition to SAMBA's Motion for Assessment of Damages [D.I. 29], SAMBA was forced to engage in three protracted, complex and inter-related litigations (including related appellate proceedings), file and respond to hundreds of pleadings, attend hearings before the Bankruptcy Court and this Court, participate in multi-party mediations and engage in extensive discovery, all because Shaw contested its obligations and failed without justification to follow the cure claim procedure approved by the Bankruptcy Court. If Shaw had accepted responsibility for its assumption of SWEC's liabilities to SAMBA when it emerged as the successful bidder at the auction sale of Debtors' assets in July of 2000, none of the protracted litigation that ensued would have been necessary. Instead, Shaw denied that it assumed the liability of BS&W or SWEC to SAMBA. As a result, SAMBA was forced to litigate its rights in this proceeding ("Recovery Action"), to protect its rights in a contentious adversary proceeding filed by the Debtors ("Preference Action") and to pursue another source for obtaining payment of the '98 Loan – the Assignment of Contract Proceeds, an alternative means for collecting BS&W's outstanding obligations to SAMBA ("Saudi Aramco Action"). All of the fees and costs incurred by SAMBA in the Recovery, Preference and Saudi Aramco Actions resulted from

---

[2] All capitalized terms not expressly defined herein have the same meaning ascribed to those defined terms in SAMBA's Opening Brief in Support of its Motion for Assessment of Damages.

SAMBA's efforts to enforce its rights and obligations under the Guaranty and Credit Agreement in the face of Shaw's refusal to perform its contractual obligations.

### A.   The Recovery Action

All of the legal fees and costs incurred by SAMBA in connection with the Recovery, Preference and Saudi Aramco Actions are recoverable in this proceeding. As discussed below, the Recovery, Preference and Saudi Aramco Actions are so intertwined that in the vast majority of instances, it would be both impracticable and unjust to allocate SAMBA's fees and costs to one action at the exclusion of the other related actions. To the extent possible, SAMBA has itemized the fees and costs that SAMBA indisputably incurred in connection with the Recovery Action, at the exclusion of the Preference and Saudi Aramco Actions. See Affidavit of Amy B. Abbott in Support of SAMBA's Itemization of Attorneys' Fees and Costs and Affidavit of Kevin Mangan in Support of SAMBA's Itemization of Attorneys' Fees and Costs, which are being filed herewith. Because the Preference and Recovery actions were treated as consolidated for discovery purposes, and all three actions concern SAMBA's rights and obligations under the Guaranty and Credit Agreement, fees exclusively related to the Recovery Action could be isolated in very limited circumstances. Such circumstances include fees incurred after the Bankruptcy Court's dismissal of the Preference Action and fees associated with pleadings in the Recovery Action that did not relate to discovery matters. Accordingly, SAMBA is entitled to recover the fees and costs incurred in connection with the Preference and Saudi Aramco matters in addition to the fees and costs that SAMBA has itemized below as being incurred in connection with the Recovery Action.

### B.   The Preference Action

All of the legal fees and costs incurred by SAMBA in the Preference Action are directly related and intertwined with SAMBA's efforts to enforce its rights under the Credit Agreement

and Guaranty in this proceeding.  Judge McKelvie instructed the parties, including Shaw, to treat the two cases as if they were consolidated for discovery purposes and as if they would be consolidated for trial.  Judge McKelvie further directed the parties "to build the evidentiary record together with the idea you can use it in either case if it's not going to be consolidated."  See Tr. at 30, SAMBA's Opening Brief, Exhibit H at A76.  Following Judge McKelvie's instructions, the parties, including Shaw, treated the Preference and Recovery Actions as if they were consolidated for discovery purposes.  Accordingly, the fees and costs that SAMBA incurred throughout the pendency of the Preference Action are recoverable in this proceeding.

Moreover, the time and expense that SAMBA expended in connection with the Preference Action resulted in a direct reduction in Shaw's liability to SAMBA.  If the Debtors were successful in the Preference Action, any transfers to SAMBA that were avoided and deemed to be recoverable, either as preferences or fraudulent transfers, would have been added to the amount that SAMBA was entitled to recover under its Cure Claim against Shaw.  Thus, Shaw would have ultimately been liable for any payments which were avoided in the Preference Action as preferences ($1.3 million) and any of the transfers that were found to be fraudulent transfers (potentially an additional $6.5 million).  If the Debtors had been successful, it would have resulted in a dollar-for-dollar increase in Shaw's obligations to SAMBA.  Specifically, Shaw would have assumed an additional principal debt of $7.8 million, plus any claims for interest and costs allowed by the court.  SAMBA, however, successfully settled the Preference Action, thereby reducing Shaw's liability to SAMBA by at least $7.8 million.  Not only did SAMBA reduce Shaw's potential liability to SAMBA, by its successful defense of the Preference Action, it was able to reduce further Shaw's actual liability by receiving reimbursement from the Debtors in the amount of $1,000,000 which SAMBA applied to the attorneys' fees it had

incurred to that time, including fees related to the Recovery Action.[3]  Thus, by defending itself in the Preference Action, SAMBA effectively mitigated its damages in this case by reducing SAMBA's attorneys' fees by $1,000,000.  As a result, the fees and costs that SAMBA incurred in the Preference Action are recoverable in this proceeding.

### C. Saudi Aramco Action

Due to Shaw's repeated failure to resolve SAMBA's Cure Claim or to otherwise assume responsibility for SWEC's outstanding financial obligations to SAMBA, SAMBA was forced to look to its second source for payment of the '98 Loan – the Assignment of Contract Proceeds.  As an alternative means for collecting BS&W's outstanding obligations to SAMBA, SAMBA filed a motion to intervene in an adversary proceeding initiated by Stone & Webster, Inc. and SWEC against Saudi Aramco and Bugshan based on SAMBA's security interest in the proceeds of the In-Kingdom Contract.  Until Shaw pays SAMBA the full amount due and owing under this Court's judgment and the Guaranty, SAMBA intends to pursue its rights in the Saudi Aramco action as an alternative means for collecting BS&W's outstanding obligations to SAMBA.

By seeking to intervene in the Saudi Aramco Action, SAMBA has not only sought to protect its rights and interest in the Assignment of Contract Proceeds, but it has also potentially secured a means for Shaw to recover from Saudi Aramco and Bugshan if Shaw is found to have assumed SAMBA's rights under the Assignment of Contract Proceeds.  In fact, for this reason, Shaw has supported SAMBA's efforts to intervene in the Saudi Aramco Action.

At a Status Conference held by the Bankruptcy Court on June 13, 2005, Shaw's counsel informed the Court that if the Third Circuit upholds this Court's decision granting SAMBA summary judgment, Shaw intends to step into SAMBA's shoes in the Saudi Aramco action and

---

[3] SAMBA is not seeking to recover any portion of the $1,000,000 fee previously recovered.

pursue its rights under the Assignment of Contract Proceeds.  <u>See</u>  Tr. at 40-41, attached hereto as Exhibit 1.  At the Status Conference, Shaw's counsel stated "Judge Robinson . . . said it was clear on the face of the APA that we assumed this debt. . . . [L]et us assume that Judge Robinson's upheld on that. . . .  Whether we've been fighting SAMBA all along, we think SAMBA is correct here.  If we lose in the 3rd Circuit and get a final judgment, we have to pay SAMBA.  We become subrogated to SAMBA's debt at the minimum.  But, in fact what we believe is that . . . we will gain the asset. . . .  There's no doubt in the world SAMBA has a claim on that money, but . . . if we assume the liability, we get the whole asset, we believe, under the structure of the [asset purchase] agreement."  <u>See</u> Exhibit 1 at 40-41.  Shaw's counsel further stated that if SAMBA "get[s] out of" this case "we'll be in it[.]"  <u>See</u> Exhibit 1 at 42.

Therefore, not only have SAMBA's efforts in the Saudi Aramco Action preserved SAMBA's rights, Shaw has argued that those same efforts have served to preserve Shaw's rights.  By seeking to intervene in the Saudi Aramco Action, SAMBA has prevented the parties to that action from circumventing the rights of the entity that holds the Assignment of Contract Proceeds – whether that holder is ultimately SAMBA or Shaw.  As stated above, Shaw's counsel has supported SAMBA's participation in the Saudi Aramco Action and has even asserted its direct correlation to this action.  Accordingly, the fees and costs that SAMBA has incurred in the Saudi Aramco Action are recoverable in this proceeding.

The Saudi Aramco Action is on-going and SAMBA has continued to incur attorneys' fees, costs and litigation expenses, for which Shaw is liable, since the filing of SAMBA's Motion for Assessment of Damages.  <u>See</u> Opening Brief at 15.  These fees are itemized in the chart below and in the exhibits accompanying the Affidavits of John C. Hutchins, Amy B. Abbott and Kevin Mangan, which are being filed herewith.

If and to the extent the Court determines that any of the fees and expenses itemized herein are not recoverable from Shaw, SAMBA hereby requests that the Court determine that the $1,000,000 recovered by SAMBA from the Debtors in the Preference Action be allocated first to the non-recoverable fees and expenses, with only the balance being used to reduce Shaw's liability for the fees and expenses found to be recoverable from Shaw.

## II.     Specific Itemization of SAMBA's Attorneys' Fees, Costs and Litigation Expenses[4]

As set forth in the accompanying affidavits, the fees for billed and unbilled professional services total $2,124,641.30; costs total $194,122.75.[5] To the extent possible, these fees have been broken down into three categories: (1) Preference and Recovery Actions;[6] (2) Recovery Action; and (3) Saudi Aramco Action. The fees identified as being incurred in the Recovery Action, independent of the Preference Action, are being provided to the limited extent that such fees could reasonably be isolated. However, such fees could only be isolated in very limited circumstances. Such circumstances include fees incurred after the Court's dismissal of the Preference Action or filings in the Recovery Action that did not relate to discovery matters. See Affidavits of Amy B. Abbott and Kevin Mangan.

---

[4] As of May 18, 2005, the date SAMBA filed its Motion for Assessment of Damages, SAMBA's attorneys' fees and expenses totaled $1,985,663.56 (including an estimated $20,750.00 in additional fees and costs). Since the filing of SAMBA's Motion, SAMBA has continued to incur fees and expenses in connection with this case. The dollar amounts set forth in this itemization include fees and costs incurred since the filing of SAMBA's Motion for Assessment of Damages.

[5] The attorneys' fees and costs itemized herein are K&LNG attorneys' fees, costs and expenses incurred as of November 20, 2006 and M&M attorneys' fees, costs and expenses incurred as of November 17, 2006. SAMBA reserves the right to submit a supplemental application for the fees, costs and expenses incurred by SAMBA in preparing and filing this Itemization and the accompanying Affidavits, as well as the fees, costs and expenses incurred if Shaw disputes the accounting provided herein and if Shaw pursues an appeal of any matter related to this proceeding.

[6] Legal fees that are related to multiple matters are also included in this category (e.g. Saudi Aramco and Recovery).

The sum of SAMBA's reasonable attorneys' fees and related costs in connection with this litigation, are as follows:

| | |
|---|---|
| Professional Services Billed by K&L in Preference and Recovery Actions: | $1,553,254.25 |
| Professional Services to be Billed by K&L in Preference and Recovery Actions (as of 11/20/06): | $3,783.00 |
| Professional Services Billed by K&L in Recovery Action: | $319,557.50 |
| Professional Services to be Billed by K&L in Recovery Action (as of 11/20/06): | $15,122.00 |
| Professional Services Billed by K&L in Saudi Aramco Action: | $92,207.50 |
| Professional Services to be Billed by K&L in Saudi Aramco Action (as of 11/20/06): | $1,620.00 |
| Professional Services Billed by M&M in Preference and Recovery Actions: | $99,425.00 |
| Professional Services Billed by M&M in Recovery Action: | $11,035.00 |
| Professional Services Billed by M&M in Saudi Aramco Action: | $7,144.50 |
| Professional Services to be Billed by M&M (as of 11/17/06): | $274.50 |
| Professional Services billed by Clifford Chance: | $5,884.05 |
| Professional Services billed by Judge Francis G. Conrad: | $15,334.00 |
| **Subtotal for Professional Services** | **$2,124,641.30** |

| | |
|---|---:|
| Costs Billed by K&L: | $151,445.99 |
| Costs to be Billed by K&L (as of 11/20/06): | $1,161.64 |
| Costs Billed by M&M: | $4,584.12 |
| Travel Expenses: | $36,931.00 |
| **Subtotal for Costs and Expenses** | **$194,122.75** |
| | |
| **Total Fees and Costs** | **$2,318,764.05** |
| | |
| **Less Fees and Costs Recovered in Preference Action** | **- $1,000,000.00** |
| | |
| **TOTAL FEES AND COSTS INCURRED IN CONNECTION WITH OBTAINING JUDGEMENT IN THIS CASE:** | **$1,318,764.05** |

### III. Conclusion

For the reasons set forth above and as documented in the Affidavits of John C. Hutchins, Amy B. Abbott and Kevin J. Mangan, SAMBA specifically incurred $2,318,764.05 in attorneys' fees and costs in connection with obtaining judgment in this proceeding. Thus, in accordance with this Court's November 8, 2006 Amended Order, Shaw should pay SAMBA attorneys' fees, and costs in the full amount of $2,318,764.05, less the $1,000,000.00 previously recovered from SWEC in the Preference Action, resulting in net fees and costs of $1,318,764.05.

    Respectfully submitted,
    SAUDI AMERICAN BANK,
    By its attorneys,

    _/s/ Kevin J. Mangan_____
    Francis A. Monaco, Jr. (#2078)
    Kevin Mangan (#3810)
    Monzack & Monaco, P.A.
    1201 N. Orange Street, Suite 400
    Wilmington, DE  19801
    (302) 656-8163

                                  Of Counsel:
                                  John C. Hutchins (BBO #246060)
                                  Daniel E. Rosenfeld (BBO #560226)
                                  Amy B. Abbott (BBO #648072)
                                  Kirkpatrick & Lockhart Nicholson Graham LLP
                                  75 State Street
                                  Boston, MA  02109
                                  (617) 261-3100

Dated:  November 21, 2006