**EXHIBIT 1**

```
1
2                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE
3
                                      .
4    IN RE:                           .        Chapter 11
                                      .
5    Stone & Webster, Inc., et al.,.
                                      .
6         Debtor.                     .     Bankruptcy #00-2142 (PJW)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
7
                              Wilmington, DE
8                             June 13, 2005
                                1:30 p.m.
9
                     TRANSCRIPT OF STATUS CONFERENCE
10              BEFORE THE HONORABLE PETER J. WALSH
                    UNITED STATES BANKRUPTCY JUDGE
11
     APPEARANCES:
12
     For SWE&C The Liquidating:       Kerri K. Mumford, Esq.
13   Trustee                         Landis Rath & Cobb, LLP
                                      919 Market Street-Ste. 600
14                                    Wilmington, DE 19801

15                                    Adam Landis, Esq.
                                      Landis Rath & Cobb, LLP
16                                    919 Market Street-Ste. 600
                                      Wilmington, DE 19801
17
                                      James E. Houpt, Esq.
18                                    Orrick Herrington
                                      & Sutcliffe, LLP
19                                    400 Capital Mall-Ste. 3000
                                      Sacramento, CA 95814
20
     For Business Strategy:          Francis Conrad, Esq.
21   Advisor                         Landis Rath & Cobb, LLP
     (Via telephone)                 919 Market Street-Ste. 600
22                                    Wilmington, DE 19801

23   For SWINC Consolidated:         Joseph K. Koury, Esq.
     Estate                          Bifferato Gentilotti & Biden
24                                    Bruckner Building
                                      1308 Delaware Ave.
25                                    Wilmington, DE 19899
```

Writer's Cramp, Inc.
Certified Court Transcribers
732-329-0191

2

| | |
|---|---|
| | Steven A. Domanowski, Esq.<br>Bell Boyd & Lloyd, LLC<br>70 W. Madison St.-Ste. 3100<br>Chicago, IL 60602 |
| | David J. Baldwin, Esq.<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza<br>1313 N. Market St.<br>Wilmington, DE 19801 |
| For Asbestos Trustee: | Gregg Galardi, Esq.<br>Skadden Arps Slate<br>Meagher & Flom, LLP<br>One Rodney Square.<br>Wilmington, DE 19801 |
| For First State Ins. Co.: | Ann M. Ungvarsky, Esq.<br>Hogan & Hartson, LLP<br>555 13th Street, N.W.<br>Washington, DC 20004 |
| For Indian Harbor Ins. Co.: | Michael R. Lastowski, Esq.<br>Duane Morris, LLP<br>1100 N. Market St.-Ste. 1200<br>Wilmington, DE 19801 |
| For The Shaw Group: | Steve Jenkins, Esq.<br>Ashby & Geddes<br>222 Delaware Ave.<br>Wilmington, DE 19899 |
| For Travelers: | Stephen M. Hryniewicz, Esq.<br>Gingham McCutchen, LLP<br>One State St.<br>Wilmington, DE 19801 |
| | Karen C. Bifferato, Esq.<br>Connolly Bove Lodge<br>& Hutz, LLP<br>1007 N. Norage St.<br>Wilmington, DE 19899 |
| For Southern Union Co.:<br><br>(Via telephone) | David Ross, Esq.<br>Kasowitz Benson Torres<br>Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

3

|  |  |
|---|---|
| 1 | William F. Taylor, Jr., Esq. |
|  | McCarter & English, LLP |
|  | 919 N. Market St.-Ste. 1800 |
| 2 | Wilmington, DE 19801 |
| 3 |  |
|  | For Saudi American Bank: Daniel E. Rosenfeld, Esq. |
| 4 | Kirkpatrick lockhart Nicholson |
|  | 75 State Street |
| 5 | Boston, MA 02109 |
| 6 | Francis A. Monaco, Jr., Esq. |
|  | Monzack & Monaco, PA |
| 7 | 1201 N. Orange St.-Ste. 400 |
|  | Wilmington, DE 19801 |
| 8 |  |
|  | For Saudi Aramco: Alycia R. Benenati, Esq. |
| 9 | White & Case, LLP |
|  | 1155 Ave. Of the Americas |
| 10 | New York, NY 10036 |
| 11 | For Narragansett Electric: Christopher Ward, Esq. |
|  | Company The Bayard Firm |
| 12 | 222 Delaware Ave.-Ste. 900 |
|  | Wilmington, DE 19899 |
| 13 |  |
|  | For Hartford: Kathleen Miller, Esq. |
| 14 | Smith Katzenstein & Furlow, LLP |
|  | The Corporate Plaza |
| 15 | 800 Delaware Ave. |
|  | Wilmington, DE 19899 |
| 16 |  |
|  | Audio Operator: Sherry Scaruzzi |
| 17 |  |
|  | Transcribing Firm: Writer's Cramp, Inc. |
| 18 | 6 Norton Rd. |
|  | Monmouth Jct., NJ 08852 |
| 19 | 732-329-0191 |
| 20 | Proceedings recorded by electronic sound recording, transcript |
|  | produced by transcription service. |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 |  |

1  supposed to be confidential and that parties should have

2  confidence in the mediator.  And where the mediator himself is

3  suggesting that he can't even carry on a conversation with

4  counsel for one of the parties to the mediation that isn't

5  recorded stenographically, that strikes me, Your Honor, as a

6  situation that's calling out for a new mediator.

7        THE COURT:  Any response from anyone else?

8        MR. JENKINS:  Your Honor, before a response, Stephen

9  Jenkins of Ashby & Geddes for the Shaw Group.  Your Honor, I

10  think there were some statements in the initial presentation

11  that were somewhat incorrect.  I'd like to correct them and add

12  to the complexity before you, I'm afraid.  The Shaw Group, as

13  Your Honor knows, has acquired some of the assets and assumed

14  some of the liabilities of Stone and Webster.  It was our

15  belief -- a belief shared by the Estate, Mr. Carroll -- that we

16  did not buy this particular debt, we didn't assume this debt.

17  But if we -- any place we assumed a debt, we got the

18  corresponding assets.  That's how the structure of the

19  agreement.  Judge Robinson disagreed with us and struck Mr.

20  Carroll's affidavit and said it was clear on the face of the

21  APA that we assumed this debt.  We have since appealed that to

22  the 3rd Circuit and we feel good about our prospects in the 3rd

23  Circuit, given the nature of the APA.  But let us assume that

24  Judge Robinson's upheld on that.  That doesn't end the equation

25  here, nor does it disqualify SAMBA.  Whether we've been

1  fighting SAMBA all along, we think SAMBA is correct here.  If
2  we lose in the 3rd Circuit and get a final judgment, we have to
3  pay SAMBA.  We become subrogated to SAMBA's debt at the
4  minimum.  But in fact, what we believe is if that is a final
5  judgment by the United States Court of Appeals for the 3rd
6  Circuit, we will gain this asset.  The asset the Trustee is
7  trying to -- what they're trying to do is, I believe get paid
8  by Saudi Aramco, and the amount of money that is, we believe
9  owed -- owed from Saudi Aramco for the Rosstumuer Refinery.
10  There's no doubt in the world SAMBA has a claim on that money,
11  but if we assume the asset -- I mean, if we assume the
12  liability, we get the whole asset, we believe, under the
13  structure of the agreement.  So this whole thing becomes,
14  instead of simpler -- as I think Counsel thinks -- it could
15  become in fact more of a mess.  And when we hear what's going
16  on now, we don't think really SAMBA should be excluded.  And
17  I've met Judge Conrad, and I found him a very good,
18  straightforward mediator.  Thereafter, Judge Conrad appeared as
19  an expert in the case against me.  And I didn't see that as a
20  problem.  But I don't have clients from Saudi Arabia.  And Your
21  Honor, when you deal without the United States, there's a
22  different mentality because they've lived a different way and
23  they've seen different things.  I have no doubt about Judge
24  Conrad's standing as a mediator.  But if I lived in Riyadh, I'd
25  think the fix was in.  It's just because in that part of the

1  world, the fix is in a lot.  We know that.  And we're lucky we

2  don't have it here.  It strikes me that since SAMBA can't get

3  out of this, and if they get out of it, we'll be in it,

4  without casting the least dispersion on Judge Conrad, who I

5  have a lot of esteem for, might it make -- not make sense for

6  somebody else for somebody else to come in?  And that's all we

7  have to say, Your Honor.  Thank you.

8       MR. HOUPT:  James Houpt, again, Your Honor.  I'll be

9  very brief because I agree with many of the statements that

10  Your Honor made this afternoon, if not every single one of

11  them.  Your Honor, I don't see how this can be a disqualifying

12  conflict of interest, and particularly so in this case.  And

13  I'll ask Judge Conrad to correct me if I'm wrong, but if I

14  recall correctly, the parties to this mediation signed an

15  agreement that we would allow ex parte communications in the

16  pursuit of a settlement in this case.  SAMBA, and apparently

17  the Shaw Group -- and I won't comment on the Shaw Group's

18  representations or arguments at this time.  There's another day

19  that those can be made.  But SAMBA's claim is on contract

20  proceeds.  If, in fact, at the end of the day we're able to

21  reach a settlement with -- between the SWE&C Liquidating

22  Trustee and Saudi Aramco, there is still plenty of time for

23  SAMBA or anybody else who claims to have an interest in that to

24  argue that those are contract proceeds to which that entity has

25  a right.  That hasn't been waived in any respect.

50

```
 1                        CERTIFICATION
   I certify that the foregoing is a correct transcript from the
 2 electronic sound recording of the proceedings in the above-
   entitled matter.
 3

 4   _____            6-21-05
     Signature of Transcriber            _____
 5                                          Date

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Writer's Cramp, Inc.*

*Certified Court Transcribers*

*732-329-0191*