# EXHIBIT 1

1

```
 1                IN THE UNITED STATES BANKRUPTCY COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
    IN RE:
 4                                    : Chapter 11
    STONE & WEBSTER, INCORPORATED,    :
 5  et al.,                           : Case No. 00-2142-RRM
                  Debtors.
 6                              - - -

 7                        Wilmington, Delaware
                  Friday, January 25, 2002 at 11:00 a.m.
 8                              - - -

 9
    BEFORE:    HONORABLE RODERICK R. McKELVIE, U.S.D.C.J.
10
                                - - -
11  APPEARANCES:

12
           SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
13         BY:  GARY A. RUBIN, ESQ.

14              and

15         SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
           BY:  ED MEEHAN, ESQ.
16              (Washington, District of Columbia)

17                 Counsel for the Debtors

18
           FERRY & JOSEPH, P.A.
19         BY:  RICK MILLER, ESQ.

20                 Counsel for Maine Yankee Atomic Power

21
           ASHBY & GEDDES
22         BY:  GREG TAYLOR, ESQ.

23                 Counsel for The Shaw Group

24
                              Brian Gaffigan
25                            Official Court Reporter
```

ORIGINAL

```
 1   APPEARANCES: (Continued)

 2           KLETT ROONEY LIEBER & SCHORLING
             BY:  ADAM G. LANDIS, ESQ.
 3
                 and
 4
             ORRICK HERRINGTON & SUTCLIFFE
 5           BY:  JAMES HOUPT, ESQ.

 6                   Counsel for the Creditors Committee

 7
             WALSH MONZACK & MONACO
 8           BY:  KEVIN MANGAN, ESQ.

 9               and

10           KIRKPATRICK & LOCKHART, LLP
             BY:  DANIEL E. ROSENFELD, ESQ.
11                (Boston, Massachusetts)

12                   Counsel for Saudi American Bank

13
             THE BAYARD FIRM
14           BY:  CHRIS SIMON, ESQ.

15               and

16           LONG ALDRIDGE & NORMAN
             BY:  JOHN WATKINS, ESQ.
17
                     Counsel for Machinenfabrik Diffenbacher
18

19           THE BAYARD FIRM
             BY:  MICHAEL VILD, ESQ.
20
                 and
21
             LOWENSTEIN SANDLER, P.C.
22           BY:  MICHAEL S. ETKIN, ESQ.

23               and

24           SHAPIRO HABER
             BY:  MICHELLE BLAUNER, ESQ.
25
                     Counsel for the ERISA Plaintiffs
```

1  APPEARANCES: (Continued)

2

3  DUANE MORRIS, LLP
   BY: MICHAEL LASTOWSKI, ESQ.

4           Counsel for Federal Insurance

5

6  KLEHR HARRISON HARVEY BRANZBURG & ELLERS, LLP
   BY: STEVEN K. KORTANEK, ESQ.

7           Counsel for Harbourview Electric, Ltd.

8

9                    - oOo -

10              P R O C E E D I N G S

11      (Proceedings commenced at 11:14 a.m.)

12      THE COURT: All right. Good morning, everybody.

13      MR. RUBIN: Good morning, your Honor. Gary

14  Rubin, Skadden Arps for the Debtors and Debtors in Possession

15  in this case. It's a pleasure to be before you for my first

16  appearance in Delaware this morning.

17          May it please the Court, I will quickly take us

18  through the agenda in what I will call the main case. And

19  then if it's all right with the Court, I'd like to turn the

20  reins over to Mr. Landis to give the Court a brief update on

21  substantive consolidation, I believe at which point I would

22  like to turn the reins over to Mr. Meehan who is the partner

23  from the firm's Washington office who has been admitted pro

24  hac vice to take us through the adversary matter.

25          THE COURT: All right.

1  trial. It's the Debtors' view to move very promptly. Maybe
2  the way to go is if we could set up a telephone conference in
3  the very near future where everybody could participate and
4  fix a schedule.
5              THE COURT: That is the Shaw lawyer here, right?
6              MR. MEEHAN: Fair enough.
7              MR. TAYLOR: Good morning, your Honor. Greg
8  Taylor of Ashby & Geddes for The Shaw Group. Actually, I
9  was not prepared to speak to this motion today as counsel for
10 the Debtors stated it's not ripe. I believe we would oppose
11 consolidation, and I believe I would agree with Debtors'
12 suggestion we have a teleconference to discuss the issues.
13             THE COURT: Why don't we do this? Do you want a
14 trial date today?
15             MR. ROSENFELD: Your Honor, just so the Court
16 is aware, Shaw has filed its opposition to the motion to
17 consolidate.
18             (Mr. Galardi enters courtroom.)
19             THE COURT: They called Galardi right away as
20 soon as they knew Meehan was in trouble.
21             MR. MEEHAN: I'm sure that's the reason he is
22 here, your Honor.
23             MR. ROSENFELD: And SAMBA also filed its reply
24 to that opposition. So in fact that issue is full, the issue
25 of consolidation is fully joined at this point and ripe for

1   the Court's determination. I'm happy to set a schedule by
2   conference call or to come down.
3           THE COURT: Do you want a trial date? Is that
4   what people want?
5           MR. ROSENFELD: What we would like, your Honor,
6   is a discovery period of approximately 90 days followed by
7   a short motion period and then a trial date. So a trial
8   sometime in the early summer probably.
9           MR. MEEHAN: And if we're at that point with the
10  Debtors, your Honor, we've had conversations between counsel,
11  the Debtors' view is we've already asked them for discovery.
12  They recently responded to it. We do have issues with it,
13  but we hope to resolve them. I don't see why 30 days isn't
14  plenty of time to do discovery because it's really not com-
15  plicated, but I do understand there are constraints on
16  counsel's schedule. So our view is the sooner the better
17  for a trial.
18          MR. ROSENFELD: We don't disagree with the notion
19  the sooner the better, your Honor, but we'd like to be able
20  to do full discovery, and full discovery in this particular
21  action we think includes discovery from both Shaw and the
22  Debtors. That could require a number of depositions because
23  we are going to be going into the meaning of the asset pur-
24  chase agreement and what was negotiated and what was agreed
25  upon. And in addition to that, your Honor, we're going to

1  need to bring people from Saudi Arabia to be deposed and I
2  don't know that we'll be able to even get Visas within 30
3  days under the current circumstances we're pondering.
4           MR. MEEHAN:  We'll take them any day in the next
5  six weeks that they're available.
6           THE COURT:  We're talking about a one day nonjury
7  trial.
8           MR. MEEHAN:  (Nodding yes.)  At most.
9           THE COURT:  What I was going to say, if I give
10 people a day and then you can work back from that and we get
11 on the phone later and say, judge, you gave us a date but
12 it's not going to be realistic.  We can't get the witnesses,
13 we can't do this, we can't do that, and then I can look at
14 the papers that Shaw has presented; but my thought is even
15 if I don't consolidate for trial, I'd soon consolidate for
16 discovery so everybody is on the same page in terms of dis-
17 covery, and people should assume I'll end up consolidating
18 it for trial.  We'll get it together in one.  It may be one
19 case, it may be two cases.  If there are facts people want
20 to educate me on why it doesn't make sense to have them all
21 in one and have them consolidated, I can undo the damage
22 later.  And what I was going to say is how about, for
23 example, the week of April 22nd?
24          MR. MEEHAN:  That's fine from the Debtors'
25 perspective.

1    THE COURT: Does that sound all right from your
2 perspective?
3    MR. ROSENFELD: Your Honor, I think it's a little
4 aggressive. And I would prefer to put it off one more month
5 off of that date. But if your Honor wants us to work with
6 that date and then talk to the Court, I will do that.
7    THE COURT: May 31, the technical term is
8 remittal. I'm remitting from the bench on May 31, so do you
9 want me to be the trial judge or do you want somebody else
10 to be the trial judge? How about we pick it that way?
11 Judge, we think you're brilliant, but ...
12    MR. ROSENFELD: I think it's more important for
13 us to that we be able to take the necessary discovery than
14 rush to a trial with you.
15    THE COURT: Okay.
16    MR. MEEHAN: Your Honor, if that is going to be
17 the basis, maybe we should talk about the discovery. It's
18 all about they want to depose a bunch of people from Shaw,
19 the Debtors over what the Debtors thought they were agreeing
20 to. The agreement has been laid out. We really went above
21 and beyond normal pleading. We actually briefed this situat-
22 ion in our pleadings, just the complaint and answer, so we
23 could really move this very quickly. We just have an account
24 issue that some person from the bank can probably reserve
25 based on a couple documents, so we don't see it taking that

1   long.

2   THE COURT: Why don't I do an April trial date?
3   It's going to be all Skadden all May for me already.

4   MR. ROSENFELD: Your Honor, the second reason
5   which I haven't mentioned why I am not particularly excited
6   is I have two trials scheduled between now and April. Taking
7   this discovery and doing the other two trials could prove
8   difficult. I recognize Skadden is saying they want a quick
9   date. Having seen the kind of paper I get inundated with
10  them from them on procedural issues, I don't expect the
11  discovery to go particularly smoothly, and as a result, I
12  think we may need a little bit more time than April 22.

13  MR. MEEHAN: There is no reason for that concern,
14  your Honor. None whatsoever.

15  THE COURT: What is going on?

16  MR. MEEHAN: There is no need to get into these
17  things, they're two months late. They gave us documents
18  that came straight out of the court files. We have been very
19  patient. We will be patient. We'll get them anything they
20  need. We don't need 30 days. If we can do it in two, we'll
21  do it in two. We won't stretch it out.

22  THE COURT: I'll set it for trial in April. And
23  how about Tuesday, April 23rd? We have an omnibus on March
24  14. If people want to do a status conference then about this
25  case, we can talk about it and see whether it's on track.

1  And if you are in trial and you can't make it, send somebody
2  from the office, if that is all right, or you can participate
3  by telephone.  That way we will keep it on track.
4         MR. ROSENFELD:  Thank you, your Honor.
5         THE COURT:  I don't mean to make your life more
6  difficult, but from the Debtors' perspective if I schedule a
7  trial in June, I don't know what that means because the case
8  will probably go back to the Bankruptcy Court.  I don't know
9  whether I can commit them to a trial date, so I'd rather not
10 send problems.
11        MR. ROSENFELD:  We'll work with the April 23rd
12 trial date, your Honor.  Thank you.
13        MR. MEEHAN:  What time?
14        THE COURT:  Why don't we plan on starting at
15 10:00 o'clock on Tuesday the 23rd.  And we'll talk on March
16 14th about whether we can get it done in a day, whether we
17 need to add a day, stretch a day, how late we're going to go
18 and people can make arrangements.  Is that all right?
19        MR. ROSENFELD:  Yes.  Thank you, your Honor.
20        MR. MEEHAN:  Thank you.
21        THE COURT:  Great.  And you are excused if you
22 don't want to stick around for the balance.
23        MR. ROSENFELD:  Okay.  Your Honor, at this point,
24 for purposes of just clarification we should move forward
25 with discovery as if it's going to be consolidated, I take

1  it.

2  THE COURT: That is, for the purposes of joint
3  notice of depositions and those types of things, I think it
4  makes sense to build the evidentiary record together with the
5  idea you can use it in either case if it's not going to be
6  consolidated. Is that ...

7  MR. ROSENFELD: Yes, that's what I'm asking.

8  THE COURT: I think it makes sense to do it that
9  way. I still haven't heard the merits of Shaw's objection
10  to it but it makes sense to me to at least start that way and
11  see if I made a mistake in that fashion.

12  MR. ROSENFELD: Thank you, your Honor.

13  MR. MEEHAN: Your Honor, the next matter that
14  is up concerns an action that is in the District Court in
15  Massachusetts -- or, I'm sorry, I guess actually was in the
16  District Court of Massachusetts but the parties had reached
17  an understanding that it would be stayed in Massachusetts to
18  give this Court an opportunity to review the Debtors' request
19  to keep things on ice in Massachusetts until the Court had
20  a chance to see where we were going with the Department of
21  Labor issues. The Court in Massachusetts subsequently
22  dismissed it but the parties' understanding was it would be
23  stayed up there to the earlier of March 1st or two weeks
24  following your Honor having an opportunity to rule upon our
25  complaint and the motion to dismiss that has been brought.

1  can all be gathered together?

2          MR. MEEHAN: Yes.

3          THE COURT: The question whether the John Does

4  are in the case, and that really doesn't matter too much

5  because there is going to be some discovery anyway coming up

6  in the context of discovery on tracing John Does. And for

7  the moment, I'd like to go to let it go forward subject to

8  me thinking more about it and reading the other cases.

9          Okay. The Court is in recess.

10         MR. KORTANEK: Thank you, your Honor.

11         (Hearing ends at 1:23 p.m.)

I hereby certify that the foregoing is a true
and accurate transcript from my stenographic
notes in the proceeding.

_____
Official Court Reporter
U. S. District Court